UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LARRY BELL MATHES, III,<br><br>　　　　　　　　　　　Defendant. | Case No.:  23cr1964-JM<br><br>**ORDER ON: (1) DEFENDANT'S MOTIONS TO SUPRRESS AND COMPEL;**<br><br>**(2) PLAINTIFF'S MOTION TO SHORTEN TIME; AND**<br><br>**(3) DEFENDANT'S ORAL MOTION FOR A FURTHER REBUTTAL AND EVIDENTIARY HEARING**<br><br>**(Doc. Nos. 88, 95)** |

　　　Presently before the court are: (1) Defendant's Motions to Suppress and Compel (Doc. No. 88); (2) the Government's Motion to Shorten Time (Doc. No. 95); and (3) Defendant's Oral Motion for Further Rebuttal and an Evidentiary Hearing. Having carefully considered the Parties' filings and the oral representations made by counsel during the April 29, 2024 Motion Hearing/Trial Setting, the court rules as follows.

///

## BACKGROUND

The operative facts in connection with this Motion are essentially undisputed and set forth below, except as noted.

On September 2, 2020, at approximately 5:41 a.m., Defendant Larry Bell Mathes, III, attempted to enter the United States from Mexico via the San Ysidro Port of Entry. (Doc. No. 88-2 at ¶ 1). Defendant was referred to a secondary inspection area based on his association with a known body carrier coordinator. *Id.* At the secondary inspection area, a United States Customs and Border Patrol ("CBP") canine purportedly alerted CBP Officers as to the presence of narcotics on Defendant's person. *Id.* at ¶ 2. As a result, CBP Officers conducted a partial pat-down search on Defendant, but no narcotics were located. *Id.*

Task Force Officer ("TFO") Sanchez was called to further investigate and arrived at the port at approximately 8:45 a.m. *Id.* at ¶ 3. Upon arrival, TFO Sanchez evaluated Defendant and noted Defendant was displaying "severe signs of being under the influence[.]" *Id.* Defendant was placed under arrest and transported to jail on a misdemeanor charge of being under the influence of a controlled substance in violation of California Health & Safety Code § 11550(a). *Id.*

At San Diego Central Jail, Defendant was body scanned whereupon Sheriff's Deputies "noticed anomalies inside of his internal cavity." *Id.* at ¶ 4. Defendant was then transported to the hospital by TFO Sanchez and TFO Hanlan for additional x-rays. *Id.* While en route to the hospital, TFO Sanchez explained to Defendant that if he did have narcotics in his body and they were to explode, "especially if it was fentanyl within his body, the chance of death was very high and his body would absorb the drugs at a rapid rate." *Id.* Defendant admitted to having drugs concealed in his body. *Id.* At the hospital, Defendant further stated he had an additional balloon containing methamphetamine inside his body. *Id.* Two balloons were ultimately removed from Defendant's body and seized. *Id.*

///

TFO Sanchez subsequently interviewed Defendant again—where Defendant was read his *Miranda* rights. (Doc. No. 88-8). During the course of this interview, after answering certain questions regarding the drugs he had in his body and his drug use, Defendant stated he did not want to give a statement and the interview was terminated. *Id.* at 4–5.

On February 29, 2023, Defendant was indicted on two counts—importation of fentanyl and importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (Doc. No. 59). A Motion Hearing/Trial Setting in this case was held before the undersigned on April 29, 2024. (Doc. No. 100).

## ANALYSIS

In his Motion, Defendant moves to suppress the statements Defendant made to TFO Sanchez and the drugs seized from his person. (Doc. No. 88 at 3). Defendant further requests that the court: (1) order or preside over a discovery conference under Rule 16.1(a); (2) order the Government to respond to Defendant's request for notice under Rule 12(b)(4)(B); and (3) order an evidence viewing under Rule 16(a)(1)(E). *Id.* at 8–11. The Government moves to shorten time for its late-filed second Response. (Doc. No. 95). The court addresses each of these, in turn, below.

**I.   The Government's Motion to Shorten Time**

The court first addresses the Government's Motion to Shorten Time. (Doc. No. 95). As background, Defendant filed his "Motion to Suppress, Motions to Compel, and Motion for Discovery Deadlines" on March 15, 2024. (Doc. No. 88). The Government filed an Opposition on March 22, 2024, but did not address Defendants' Motions to Suppress. As a result, Defendant filed a Reply on March 28, 2024, contending Defendants' Motions to Suppress were unopposed. (Doc. No. 92 at 5).

On March 29, 2024, the Government filed a second Response, addressing Defendant's Motions to Suppress substantively for the first time. (Doc. No. 94). On the same day, the Government filed a Motion to Shorten Time to file its second Response,

contending its delay in filing was due to efforts to "locate certain discovery that was not in its possession" and offering an apology. (Doc. No. 95).

At the outset, the court notes it has carefully reviewed Defendant's efforts to secure available discovery in this case—as set forth in Defendant's Motion and the record evidence. (*See* Doc. Nos. 88 at 6–8; Declaration of Marcus S. Bourassa ("Bourassa Decl.," Doc. No. 88-1). The court notes the Government's unexplained and seemingly cavalier attitude to the repeated requests of the defense for discovery falls short of the Government's obligation to provide timely discovery. Further, neither the Government's apology nor its failure to set forth good cause for the delay in production seems adequate.

However, given the contrition of the Government, the amount of discovery that has recently been provided, the straightforward nature of the material facts in this case, and in some respects, the age of the case apparently having hindered the Government in marshaling some of the discovery material, the court finds it appropriate to allow the case—and Motions filed—to proceed without forfeiture or sanction against the Government. Accordingly, the court **GRANTS** the Government's Motion to Shorten Time (Doc. No. 95) and will decide all pending motions on the merits.

Relatedly, as raised at the time of the April 29, 2029 Motion Hearing/Trial Setting, the court also **GRANTS** Defendant's request to file a further Reply addressing the Government's Opposition. Defendant's Reply should be filed on or before **May 13, 2024**. No further briefing will be accepted on Defendant's Motions to Suppress absent express permission from the court.

## II. Defendant's Motions to Suppress

The court next turns to Defendant's Motions to Suppress. Defendant moves to suppress: (1) the drugs recovered on his body; (2) the non-*Mirandized* statements Defendant made while in transit to the hospital; and (3) Defendant's *Mirandized* statements made at the hospital. (Doc. No. 88 at 3–6). Defendant contends the drugs seized on Defendant's person and statements he made while in transit must be suppressed as the product of a custodial interrogation in which Defendant was not properly advised

of his *Miranda* rights. *Id.* at 3–5. Defendant further contends his post-*Miranda* statements should also be suppressed as the product of a deliberate two-step interrogation procedure used to undermine the *Miranda* warning. *Id.* at 5–6.

The court **DEFERS** ruling on Defendant's Motion to Suppress his pre-*Miranda* statements and the drugs seized on his body—pending the submission of Defendant's Reply. The court expects Defendant's Reply will address the Government's arguments the drugs seized from Defendant's person are subject to the inevitable discovery doctrine and Defendant's pre-*Miranda* statements are subject to the public safety exception. (Doc. No. 94 at 4–8).

With respect to Defendant's post-*Miranda* statements, the Government has stated it has no intention of introducing these statements at trial—rendering Defendant's Motion with respect to these statements moot. (Doc. No. 94 at 10). Based on the Government's representations, the court **DENIES** Defendant's Motion to Suppress his post-*Miranda* statements as **MOOT**.[1]

To the extent Defendant's counsel orally requested an evidentiary hearing on these Motions at the April 29, 2024, Motion Hearing/Trial Setting, Defendant's request is **DENIED WITHOUT PREJUDICE**. The operative facts regarding Defendant's acknowledgement of drugs in his body while en route to the hospital are essentially undisputed. In light of this, the court finds the admissibility of Defendant's statements is a question of law capable of being decided on the filed papers and future oral argument.

### III. Motion to Compel Rule 16.1(a) Discovery Conference

Defendant next requests that the court order or preside over a discovery conference pursuant to Federal Rule of Criminal Procedure 16.1(a). (Doc. No. 88 at 9). Under

---

[1] The court declines the Government's invitation to rule on whether Defendant's post-*Miranda* statements are, nevertheless, admissible, given the Government's decision not to introduce these statements. If Defendant were to testify and deny making any of his post-*Miranda* statements—as unlikely at that may be—the Government would be free to renew its position.

Federal Rule of Criminal Procedure 16.1(a), "[n]o later than 14 days after the arraignment, the attorney for the government and the defendant's attorney must confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16."

Here, the court has reviewed the Government's recitation of the discovery it has provided in this case and its willingness to coordinate with Defendant moving forward. (Doc. No. 89 at 3–4). The Government's papers also indicate the Parties already conducted at least one conference on March 22, 2024. *Id.* at 3. Based on these representations, the court **DEFERS** intervening in the Parties' discovery conferences and **DENIES WITHOUT PREJUDICE** Defendant's request for the court to preside over a discovery conference, with the expectation that the Government will prioritize producing any remaining discovery in this case.

### IV. Notice under Rule 12(b)(4)(B)

Defendant requests that the court order the Government to comply with Federal Rule of Criminal Procedure 12(b)(4)(B). (Doc. No. 88 at 9–10).

Pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B):

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Civ. P. 12(b)(4)(B). "Compliance with a defense request under Rule 12(b)(4)(B) is mandatory and does not require any court action." *United States v. Aguilar*, Nos. CR 07-0030 SBA, 49], 2007 U.S. Dist. LEXIS 89992, at *10 (N.D. Cal. Nov. 27, 2007). The court **DEFERS** Defendant's request for further resolution at the May 20, 2024 Motion Hearing/Trial Setting. The court reminds it expects the Government to fully comply with the directive of Rule 12(b)(4)(B) and be prepared to discuss at the May 20, 2024 Motion Hearing/Trial Setting when it will be practicable to provide notice pursuant to the rule.

///

## V.   Evidence Viewing

Finally, Defendant requests the opportunity to inspect evidence seized from Defendant on the day of his arrest pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E).  (Doc. No. 88 at 11).  In its Response, the Government indicated a meeting was already scheduled for March 26, 2024.  *Id.* at 4.  Absent any evidence that such a meeting did not occur, the court **DENIES** Defendant's request as **MOOT.**

**IT IS SO ORDERED.**

DATED: May 3, 2024

JEFFREY T. MILLER
United States District Judge